UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HANS CHRISTIAN ANDERSON,

    Applicant,

v.                                               CASE NO. 8:16-cv-419-T-23JSS

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Anderson applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state convictions for four counts of sexual battery with a weapon or with force, one count of burglary with an assault, and one count of aggravated child abuse, for which he is imprisoned for twenty-five years. Rule 4, Rules Governing Section 2254 Cases, requires both a preliminary review of the application for the writ of habeas corpus and a summary dismissal "[i]f it plainly appears from the face of the [application] and any exhibits annexed to it that the [applicant] is not entitled to relief in the district court . . . ." Anderson is barred from pursuing this second or successive application.

Anderson's previous challenge to this same conviction in 8:11-cv-1340-T-17AEP was rejected on the merits. Both the district court and the circuit court declined to issue a certificate of appealability. (Docs. 98 and 130) Anderson is

precluded from pursuing a second or successive application without permission from the Eleventh Circuit Court of Appeals. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999). Until he obtains authorization to file a second or successive application, the district court lacks jurisdiction to review the application. *Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Accordingly, the application for the writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice. The clerk must close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Anderson is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Anderson must show that reasonable jurists would find debatable both (1) the merits

of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because the application is clearly a second or successive application, Anderson is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Anderson must obtain authorization from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on February 29, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE